**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEITH ALLEN, et al.,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No: 00-cv-591-RCL** |
| ) | |
| **DISTRICT OF COLUMBIA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**APPENDIX TO MEMORANDUM OPINION**

The following charts are contained in the undersigned's Memorandum Opinion. For clarity of comparison, the Court includes them here, along with any necessary explanatory calculations.

## I. Magistrate Judge Harvey's Final Calculations

### A. Fees and Costs Due (Page 5)[1]

| Case | Remaining Fees Due | Remaining Costs Due |
|---|---|---|
| *Abraham v. DC*, 01-27 | $250,077.25 | $0 |
| *AC (Clark) v. DC*, 06-439 | $24,743 | $324 |
| *Adams v. DC*, 03-2139 | $199,913 | $779 |
| *Allen v. DC*, 00-591 | $0 | $0 |
| *Bradley v. DC*, 99-3188 | $4,000 | $104.22 |
| *Isaac v. DC*, 00-122 | $2,403.50 | $289 |
| *Jones v. DC*, 00-593 | $0 | $0 |
| *McDowell v. DC*, 00-594 | $13,500 | $294.50 |
| *Thomas v. DC*, 03-1791 | $13,292 | $408 |
| *Wingfield v. DC*, 00-121 | $4,000 | $245 |
| **TOTAL** | **$511,928.75** | **$2,443.72** |

### B. Interest Due (Page 7)[2]

| Case | Remaining Interest Due (as of 10/1/2015) |
|---|---|
| *Abraham v. DC*, 01-27 | $794,496.76 |
| *AC (Clark) v. DC*, 06-439 | $4,463.88 |
| *Adams v. DC*, 03-2139 | $402,942.82 |

---

[1] The fees and costs due are taken from Sections A through D of the Appendix to Judge Harvey's Report and Recommendation, ECF No. 96-1, which summarize 1) the number of HODs; 2) the fee cap (HODs x $4,000); 3) costs incurred to date; 4) fees paid to date; 5) costs paid to date; 6) the source data on HODs and payments; 7) the remaining fees due up to the $4,000 fee cap; and 8) the remaining costs due.

[2] Judge Harvey calculated interest due based on the full judgment amounts, not based on the amounts due under the fee caps. The total interest he found due can be found by subtracting the "Remaining Balance Due on Judgment" column from the "Amount of Remaining Judgment Plus Interest Remaining as of 10/01/2015" column in the Judgments Chart (Section E) of the Appendix to the Report and Recommendation. Judge Harvey calculated interest pursuant to 28 U.S.C. § 1961, which directs that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment," and "shall be computed daily to the date of payment . . . and shall be compounded annually." As explained in the accompanying Memorandum Opinion, Judge Harvey used the incorrect interest rates for *AC (Clark)* and *Wingfield*.

After calculating the total interest due, in those cases where Judge Harvey found undated post-judgment payments had been made, he subtracted those payment amounts out from the total interest due to arrive at the amount remaining due.

| | |
|---|---|
| *Allen v. DC*, 00-591 | $15,784.65 |
| *Bradley v. DC*, 99-3188 | $21,039.54[3] |
| *Isaac v. DC*, 00-122 | $13,263.73 |
| *Jones v. DC*, 00-593 | $31,430.59 |
| *McDowell v. DC*, 00-594 | $34,531.54 |
| *Thomas v. DC*, 03-1791 | $3,644.34 |
| *Wingfield v. DC*, 00-121 | $12,802.13 |
| **TOTAL** | **$1,334,399.98** |

## II. Plaintiffs' Statements of Payments Made

### A. Abraham v. DC

#### 1. Judge Harvey's Findings (Page 10)[4]

| Plaintiff | Payment Made |
|---|---|
| Downing, C. | $12,000 |
| Gray, Gr. | $6,920 |
| Parker, S. | $4,000 |
| Wood, Aa. | $6,560 |

#### 2. Plaintiffs' Statements (Page 10)

| Plaintiff | Payment Received |
|---|---|
| Downing, C. | $8,300 |
| Gray, Gr. | $5,620 |
| Parker, S. | $35 |
| Wood, Aa. | $5,560 |

---

[3] There appears to be a small mathematical error in Judge Harvey's *Bradley* calculation. Judge Harvey found that the amount of the remaining judgment plus interest remaining as of 10/01/2015 equaled $74,654.29. According to this Court's calculation, however, this sum actually equals $74,578.38. Thus, the remaining interest due should equal $21,053.63. Nonetheless, because additional interest has accrued since 10/01/2015, this figure has been recalculated.

[4] Judge Harvey's findings are taken from the "Fees Paid to Date" column of Section A of the Appendix to his Report and Recommendation.

**B.      AC (Clark)**

**1.      Judge Harvey's Findings (Page 11)[5]**

| Plaintiff | Payment Made (Fees) | Payment Made (Costs) |
|-----------|---------------------|----------------------|
| Jackson, N. | $4,000 | $18 |
| Ward, R. | $4,000 | $111 |
| Watkins, M. | $12,000 | $138 |

**C.      Adams**

**1.      Judge Harvey's Findings (Page 13) [6]**

| Plaintiff | Payment Made (Fees) | Payment Made (Costs) |
|-----------|---------------------|----------------------|
| Boney, A. | $6,122.50 | $0 |
| Butler, R. | $12,976.00 | $73 |
| Curtis-Walker, R. | $7,902.75 | $60 |
| Hopkins, A. | $4,658.00 | $0 |
| Perkins, L. | $7,228.25 | $0 |
| Woodberry, J. | $7,038.00 | $0 |
| Woodberry, S. | $8,179.25 | $35[7] |

---

[5] Judge Harvey's findings are taken from the "Fees Paid to Date" and "Costs Paid to Date" columns of Section B of the Appendix to his Report and Recommendation.

[6] Judge Harvey's findings are taken from the "Fees Paid to Date" and "Costs Paid to Date" columns of Section C of the Appendix to his Report and Recommendation.

[7] Judge Harvey received evidence from the District that it had paid $8,214.25, which is greater than the fees due plus costs due sum calculated by Judge Harvey: $8,000 (fees) + $35 (costs) = $8,035.  Because there was no basis on which to apportion the payment between fees and costs, Judge Harvey credited $35 towards the costs paid, and the remainder, $8,179.25, towards fees paid.

### 2. Plaintiffs' Statements (Page 14)

| Plaintiff | Payment Received (Fees) | Payment Received (Costs) |
|---|---|---|
| Boney, A. | $0 | $0 |
| Butler, R. | $8,000 | $0 |
| Curtis-Walker, R. | $0 | $0 |
| Hopkins, A. | $0 | $0 |
| Perkins, L. | $0 | $0 |
| Woodberry, J. | $4,015 | $0 |
| Woodberry, S. | $4,030 | $0 |

## III. Defendant's Calculations (Page 18)

| Case | Fees Due (After R&R) | Fees Paid (Since R&R)[8] | Costs Due (After R&R) | Costs Paid (Since R&R) | Interest Ordered as of 10/1/2015 (R&R)[9] | Interest Accrued 10/2/2015 – 11/9/2016 | Interest Paid[10] | Amount in Dispute |
|---|---|---|---|---|---|---|---|---|
| *Abraham v. DC*, 01-27 | $250,077.25 | $250,077.25 | $0 | $0 | $84,967.34 | $9,156.94 | $94,124.28 | $0 |
| *AC (Clark) v. DC*, 06-439 | $24,743.00 | $24,743.00 | $324 | $324 | $537.68 | $102.92 | $640.60 | $0 |
| *Adams v. DC*, 03-2139 | $199,913.00[11] | $0 | $779 | $0 | $61,877.25 | $9,550.13 | $0 | $200,692.00 |
| *Allen v. DC*, 00-591 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |

[8] With the exception of *Adams*, the District contends that it has paid in full all fees and costs due. The Court has found that in addition to the *Adams* fees due, the District owes an additional $20,000 in *Bradley*.

[9] The District appears to have calculated interest based on the amounts owed under the fee caps, instead of on the full judgment amounts. This Court has rejected that approach.

[10] Because of the District's calculation of interest based on the amounts owed under the fee caps, it contends that, with the exception of *Adams*, it has paid in full all interest due. The Court has found that interest is due on the full judgment amounts and that, with the exception of *Thomas*, the District owes interest in every case.

[11] The District argues that it should be credited $569,194.05 in payments made in *Adams*. The Court has rejected that argument.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Bradley v. DC,* 99-3188 | $4,000.00 | $4,000.00 | $104.22 | $104.22 | $1,377.67 | $109.30 | $1,486.97 | $0 |
| *Isaac v. DC,* 00-122 | $2,403.50 | $2,403.50 | $289.00 | $289.00 | $1,309.13 | $103.07 | $1,412.20 | $0 |
| *Jones v. DC,* 00-593 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| *McDowell v. DC,* 00-594 | $13,500.00 | $13,500.00 | $294.50 | $294.50 | $7,316.15 | $566.33 | $7,882.48 | $0 |
| *Thomas v. DC,* 03-1791 | $13,292.00 | $13,292.00 | $408.00 | $408.00 | $5,764.12 | $749.42 | $6,513.54 | $0 |
| *Wingfield v. DC,* 00-121 | $4,000.00 | $4,000.00 | $245.00 | $245.00 | $1,266.18 | $97.04 | $1,363.22 | $0 |

## IV. Plaintiffs' Calculations (Page 19)

| Case | Fees Due (After R&R) | Fees Paid (Since R&R) [12] | Costs Due (After R&R) | Costs Paid (Since R&R) | Interest Ordered as of 10/1/2015 (R&R) | Ps Interest Calculated as of 10/1/2015 [13] | Interest Accrued 10/1/2015 - 5/25/2017 [14] | Interest Paid | Outstanding Fees/Costs in Dispute | Outstanding Interest in Dispute |
|---|---|---|---|---|---|---|---|---|---|---|
| *Abraham v. DC*, 01-27 | $260,077.25 [15] | $250,077.25 | $0 | $0 | $794,496.76 | $822,781.00 | $113,819.00 | $94,124.28 | $10,000.00 | $839,805.00 |
| *AC (Clark) v. DC*, 06-439 | $44,743.00 [16] | $24,743.00 | $591 [17] | $324 | $4,462.82 | $3,857.83 | $1,090.00 | $640.60 | $20,267.00 | $4,282.00 |
| *Adams v. DC*, 03-2139 | $242,007.75 [18] | $0 | $912 [19] | $0 | $402,942.82 | $412,779.72 | $55,848.00 | $0 | $242,919.75 | $466,762.00 |
| *Allen v. DC*, 00-591 | $0 | $0 | $0 | $0 | $15,784.65 | $27,778.20 | $2,515 | $0 | $0 | $30,293.00 |
| *Bradley v. DC*, 99-3188 | $24,000 [20] | $4,000.00 | $104.22 | $104.22 | $21,039.54 | $21,053.90 | $2,138.00 | $1,486.97 | $20,000.00 | $21,644.00 |
| *Isaac v. DC*, 00-122 | $2,403.50 | $2,403.50 | $289.00 | $289.00 | $13,263.73 | $26,879.59 | $2,529.00 | $1,412.20 | $0 | $27,967.00 |

[12] The District made a payment of $427,103.76 on January 31, 2017. Upon order by this Court, the District broke down this payment and explained how of that $427,103.76 was being paid for had paid in fees, costs, and interest in each case. The figures in this column, the "Costs Paid (Since R&R) Column" and the "Interest Column" are taken from the District's report.

[13] Plaintiffs contend that incorrect interest rates were used in *Abraham*, *AC (Clark)*, *Adams*, and *Wingfield*. The Court has found that incorrect rates were only used in *(AC) (Clark)* and *Wingfield*. Plaintiffs also argue that they have received no post-judgment payments and therefore that Judge Harvey should not have subtracted out any post-judgment payment amounts from the amount of interest still due. The Court has rejected that argument.

[14] Plaintiffs argue that interest continues to accrue. The Court has found that interest stopped accruing on November 9, 2016 for all cases except *Bradley* and *Adams*, in which the District has not paid the full amount owed.

[15] Plaintiffs argue that they are due an additional $10,000 in fees in *Abraham*. The Court has rejected that argument.

[16] Plaintiffs argue that they are due an additional $20,000 in fees in *AC (Clark)*. The Court has rejected that argument.

[17] Plaintiffs argue that they are due an additional $267 in costs in *AC (Clark)*. The Court has rejected that argument.

[18] Plaintiffs argue that they are due an additional $42,094.75 in fees in *Adams*. The Court has rejected that argument.

[19] Plaintiffs argue that they are due an additional $133 in costs in *Adams*. The Court has rejected that argument.

[20] Plaintiffs argue that they are due an additional $20,000 in fees in *Bradley* because there were six HODs at issue, not one, and they did not waive this argument. The Court has agreed and found that plaintiffs are due an additional $20,000 in fees.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| *Jones v. DC*, 00-593 | $0 | $0 | $0 | $0 | $31,430.59 | $48,033.29 | $4,350 | $0 | $0 | $52,383.00 |
| *McDowell v. DC*, 00-594 | $13,500.00 | $13,500.00 | $294.50 | $294.50 | $34,531.54 | $37,098.31 | $3,359.00 | $7,882.48 | $0 | $32,415.00 |
| *Thomas v. DC*, 03-1791 | $13,292.00 | $13,292.00 | $408.00 | $408.00 | $3,644.00 | $18,429.67 | $3,005.00 | $6,513.54 | $0 | $14,709.00 |
| *Wingfield v. DC*, 00-121 | $4,000.00 | $4,000.00 | $245.00 | $245.00 | $12,802.13 | $28,523.14 | $2,498.00 | $1,363.22 | $0 | $29,605.00 |

## V. Interest Calculations (Page 31)

| Case | Date of Judgment | Date of Accrual[21] | Remaining Balance Due on Judgment | Interest Rate[22] | Interest Due[23] | Post-Judgment Payments | Total Due (After Post-Judgment Payments)[24] | Interest Paid (To Date) | Remaining Due[25] |
|---|---|---|---|---|---|---|---|---|---|
| *Abraham v. DC*, 01-27 | 6/17/2005 | 11/9/2016 | $2,002,077.25 | 3.30% | $897,280.18 | $0 | $897,280.18 | $94,124.28 | $803,155.90 |
| *AC (Clark) v. DC*, 06-439 | 12/15/2009 | 11/9/2016 | $206,356.19 | 0.32% | $4,604.20 | $0 | $4,604.20 | $640.60 | $3,963.60 |
| *Adams v. DC*, 03-2139 | 2/1/2005 | 7/15/2017 | $1,134,699 | 2.89% | $483,454.91 | $0 | $483,454.91 | $0 | $483,454.91 |
| | 7/28/2005 | 7/15/2017 | $0 | 3.68% | $0.00 | $0 | $0.00 | $0 | $0 |
| *Allen v. DC*, 00-591 | 6/4/2001 | 11/9/2016 | $40,635.50 | 3.70% | $30,582.56 | $11,973.50 | $18,609.06 | $0 | $18,609.06 |

[21] The date of accrual in *Adams* and *Bradley* is July 15, 2017 because the District has not yet paid in full the fees and/or costs due in those cases. The Court has selected July 17, 2017, which is thirty days from the date of entry of the orders in these cases, to allow time for the District to process and make the appropriate payments. The date of accrual in all other cases is November 9, 2016 because that is the date that the District's payments were submitted for processing.

[22] This Court found the appropriate interest rates by examining the rates published by the Board of Governors of the Federal Reserve System (historic rates available at https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15).

[23] Interest has been calculated based on the remaining balance due on the judgments (*i.e.*, the full judgment amounts less any pre-judgment payments), which is the principal. Following the instructions in 28 U.S.C. § 1961, the Court calculated interest pursuant to the following equation: $A = P(1 + r/n)^{nt}$. In this equation, A = the total principal and interest due; P = principal; r = interest rate (as a decimal); n = the number of times interest is compounded per year; and nt = the time in years. Pursuant to Following the instructions in 28 U.S.C. § 1961, the interest rate is the rate "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Interest is compounded annually, 28 U.S.C. § 1961(a), on the date of judgment, *see, e.g.*, *Jefferson v. Milvets Sys. Tech., Inc.*, 986 F. Supp. 6, 11–12 (D.D.C. 1997). Thus, in this equation n = 1. The number of years is calculated by counting one year on each anniversary of the judgment, and then adding as a decimal the number of days that have passed between the most recent anniversary of the judgment and the date of accrual. After arriving at "A", the total principal and interest due, the Court then subtracted from "A" the principal (the "Remaining Balance Due on Judgment"), to arrive at the interest due. For example, in *Abraham*, P = $2,002,077.25, r = .033; n = 1; nt = 11.4055. Thus $A = \$2,002,077.25 \ (1 + .033/1)^{11.4055}$. A = $2,899,357.43. Interest due = $2,899,357.43 – $2,002,077.25 = $897,280.18.

[24] The figures in this column were determined by subtracting the figures in the "Post-Judgment Payments" column from the "Interest Due" column.

[25] The figures in this column were determined by subtracting the figures in the "Interest Paid (To Date)" column from the "Total Due (After Post-Judgment Payments)" column.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| *Bradley v. DC*, 99-3188 | 10/9/2001 | 7/15/2017 | $53,524.75 | 2.40% | $24,286.07 | $0 | $24,286.07 | $1,486.97 | $22,799.10 |
| *Isaac v. DC*, 00-122 | 8/31/2001 | 11/9/2016 | $43,854.00 | 3.45% | $29,589.45 | $13,596.50 | $15,992.95 | $1,412.20 | $14,580.75 |
| *Jones v. DC*, 00-593 | 6/4/2001 | 11/9/2016 | $70,265.75 | 3.70% | $52,882.49 | $16,568 | $36,314.49 | $0 | $36,314.49 |
| *McDowell v. DC*, 00-594 | 6/4/2001 | 11/9/2016 | $54,269.50 | 3.70% | $40,843.60 | $2,540 | $38,303.60 | $7,882.48 | $30,421.12 |
| *Thomas v. DC*, 03-1791 | 3/22/2007 | 11/9/2016 | $28,258.00 | 4.93% | $16,688.35 | $10,708 | $5,980.35 | $6,513.54 | ($533.19) |
| *Wingfield v. DC*, 00-121 | 4/12/2001 | 11/9/2016 | $37,291.25 | 4.00% | $31,437.80 | $0 | $31,437.80 | $1,363.22 | $30,074.58 |

## VI. Final Amounts Due (Page 32)

| Case | Remaining Fees Due | Remaining Costs Due | Remaining Interest Due |
|---|---|---|---|
| *Abraham v. DC*, 01-27 | $0 | $0 | $803,155.90 |
| *AC (Clark) v. DC*, 06-439 | $0 | $0 | $3,963.60 |
| *Adams v. DC*, 03-2139 | $199,913 | $779 | $483,454.91 |
| *Allen v. DC*, 00-591 | $0 | $0 | $18,609.06 |
| *Bradley v. DC*, 99-3188 | $20,000 | $0 | $22,799.10 |
| *Isaac v. DC*, 00-122 | $0 | $0 | $14,580.75 |
| *Jones v. DC*, 00-593 | $0 | $0 | $36,314.49 |
| *McDowell v. DC*, 00-594 | $0 | $0 | $30,421.12 |
| *Thomas v. DC*, 03-1791 | $0 | $0 | -$533.19[26] |
| *Wingfield v. DC*, 00-121 | $0 | $0 | $30,074.58 |
| **Total** | $219,913 | $779 | $1,442,840.32 |

[26] Although the interest calculated as due as of October 1, 2015 in *Thomas* by Judge Harvey totaled $3,644.43, the District has reported that it has since paid a total of $6,513.54. Even after including the interest accrued from October 1, 2015 until November 9, 2016, this sum equals $5,980.35. Thus, the District has overpaid by $533.19. In an effort to preserve appropriate records in each case, this Court has ordered plaintiffs to return the $533.19 rather than deduct that amount from another case where full payments have not yet been made.